# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

CLAIMJUMPER CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

    Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

---

COMES NOW Plaintiff, Claimjumper Condominium Association, Inc., by and through its attorneys, Erik G. Fischer P.C., and asserts the following Complaint against the above-named Defendant, stating as follows:

### NATURE OF ACTION

1. This is an action by Claimjumper Condominium Association, Inc. for Declaratory Judgment and other relief under Federal Rule of Civil Procedure 57 to determine the rights and obligations of the parties under an insurance policy that Farmers Insurance Exchange issued to the Plaintiff.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3. Plaintiff, Claimjumper Condominium Association, Inc., is a non-profit corporation organized under the laws of Colorado.

4. Defendant, Farmers Insurance Exchange (a/k/a Farmers Insurance and/or Farmers Property Insurance), is a corporation organized under the laws of Texas, with its principal place of business at 6301 Owensmouth Ave., Woodland Hills, California 91367, and is authorized to do business in Colorado.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff's members reside in this district and the events giving rise to this action took place in this district.

6. There is an actual controversy regarding the parties' legal rights and legal relations, entitling Claimjumper Condominium Association, Inc. to Declaratory Judgment pursuant to 28 USC § 2201.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. Farmers Insurance Exchange (hereinafter "FIE") issued Policy Number 0605888336 (hereinafter the "Policy") to Claimjumper Condominium Association, Inc. (hereinafter "Claimjumper") insuring property located at 915 Airport Road, Breckenridge, Colorado 80424 (hereinafter the "Property") at all times relevant herein.

8. The Policy is a Condo/Townhome Premier Policy that covers, inter alia, all risks of direct physical loss or damage to the home located at the Property, including property damaged by hail and wind.

9. The Policy had an effective period of February 1, 2016 to February 1, 2017 ("Policy Period").

10. The Policy contains the following insurance provision:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

11. The Policy contains the following provision for resolution of disputes concerning the amount of loss:

> E. PROPERTY LOSS CONDITIONS
> \*   \*   \*
> 2. Appraisal
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> > a. Pay its chosen appraiser; and
> >
> > b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

12. Claimjumper filed a claim with FIE for hail damage resulting from a storm that occurred on or about July 20, 2016 and was assigned Claim Number 3007233515-1-1.

13. FIE first inspected Claimjumper's property on October 19, 2016.

14. On or about October 27, 2016, Watershed Roofing and Restoration (hereinafter "Watershed") provided an estimate to FIE.

15. During a conversation with Nathan Addison, a project manager at Watershed, Corey Scheipeter, FIE's adjuster, approved the roof replacement for the north units.

16. Despite this conversation, FIE sent a letter dated November 2, 2016 indicating that it was still investigating coverage because the hail reports pulled by Mr. Scheipeter did not indicate

3

that a hail storm occurred on the date in question. On this same day, Mr. Addison emailed a copy of the hail report supporting the hail storm on July 20, 2016. Mr. Addison also confirmed that Mr. Scheipeter had been provided with video footage of the storm in question.

17. On November 10, 2016, Mr. Scheipeter requested roof maintenance records from the Association, which were provided for his review.

18. On November 22, 2016, after being provided the video footage of the storm, hail report and maintenance records, FIE, through its adjuster, Mr. Scheipeter, provided Claimjumper with an estimate acknowledging covered hail damage with an ACV amount of $172,305.11 and a RCV amount of $260,775.07. The correspondence attached to the estimate provided as follows:

> a. Please note this estimate reflects the extent of known covered damages to the property referenced above. No supplemental or additional payments will be issued for repairs that have not been included in this estimate, without prior approval. This approval must be obtained prior to replacement or repair. We must have the opportunity to view and inspect any proposed changes or additional work.

19. FIE's estimate did not include all items that were included in Watershed's estimate, but did not provide any indication that FIE was still conducting its coverage investigation into the date of loss or weather reports.

20. Based on the discrepancies between FIE's and Watershed's estimate, FIE completed a second inspection on December 2, 2016.

21. The HOA sent e-mail communication to the adjuster on December 8, 2016 checking in on the status of the ACV payment.

22. Around this same time, Claimjumper received notification that FIE was not going to renew its policy of insurance based, in part, on the hail event that had been reserved at

$350,000.00. However, FIE has never issued any payments in connection with the claim that is the subject of this suit.

23. FIE then informed Claimjumper that it was going to send an engineer to inspect the property to which Claimjumper agreed. This inspection has not occurred because the roofs have been covered by snow.

24. On December 23, 2016, FIE advised Claimjumper for the first time since November 2, 2016 that it was still continuing to investigate the loss, but was silent as to the basis of said investigation.

25. Claim jumper then demanded appraisal on February 21, 2017 and appointed Bill George of BillCo Adjusters.

26. On March 5, 2017, FIE advised Claimjumper that it was still investigating the loss, but provided no explanation as to the basis of the investigation. FIE's correspondence included the following:

    a. We are acknowledging receipt of your letter dated February 21, 2017 in which you requested appraisal of this claim. We are in the process of choosing an appraiser and will arrange for engagement between our appraiser, and your appraiser which you have advised is Bill George of BillCo Adjusters. We will proceed with appraisal in order to determine the cost to replace the damaged property, as well as any code related expense (i.e., amount of loss). We want you to understand that we do not agree to appraise what caused any specific damage or whether there is coverage under your policy for any of the damage you are claiming. Appraisal may be used to determine the amount of loss.

27. FIE named its appraiser on March 8, 2017.

28. FIE, through its March 5, 2017 correspondence, is refusing to allow causation or the determination of what property was damaged by the hail storm in question from being decided. This limitation is contrary to Colorado law and the policy of insurance.

29. FIE's actions have unreasonably delayed payment of benefits, intentionally delayed the process by limiting the scope of appraisal based on an argument that it has previously lost on numerous occasions, failing to pay the ACV portion of the claim for which it previously acknowledged was covered, and claiming that it was continuing to investigate the claim in an effort to further delay payment of benefits. As a consequence of FIE's conduct in failing to pay amounts due and owing under the Policy, and in delaying payment of amounts due and owing under the Policy, Claimjumper Condominium Association, Inc. has incurred damages.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment Scope of Appraisal)

30. Claimjumper restates and re-alleges the allegations set forth in paragraphs 1 through 29 as if set forth fully herein.

31. The policy's appraisal provision requires that appraisers state separately the amount of loss and has been previously interpreted to include a determination of causation.

32. Furthermore, the Federal District Court for the District of Colorado has previously determined that the meaning of amount of loss incorporates the concept of causation and that the appraisal decision is binding as to the amount of loss and the cause of that loss.

33. While FIE may reserve its right to assert coverage issues, it is not entitled to limit the scope of appraisal to merely a valuation of the damages irrespective of the cause of those damages.

34. FIE is in violation of the Policy's appraisal provision by refusing to allow the appraisal process to determine causation.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

35. Claimjumper incorporates paragraphs 1 through 34 of its Complaint as if fully set forth herein.

36. The Policy creates a contract of insurance.

37. By its actions, as described above, FIE breached the contract of insurance.

38. FIE acknowledged covered damages on October 29, 2016 and agreed to an amount of damage. Despite this, FIE has failed to issue a single payment.

39. Claimjumper Condominium Association, Inc. is entitled to damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

40. Claimjumper Condominium Association, Inc., incorporates paragraphs 1 through 39 of its Complaint as if fully set forth herein.

41. FIE owed duties to the Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with the Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure the Plaintiff's rights to receive covered benefits under the Policy.

42. FIE acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, intentionally delaying payment of benefits and

attempting to limit the scope of the appraisal process by excluding causation from the appraisal process in contradiction to the language in the insurance policy and Colorado law.

43. FIE also refused to renew Claimjumper's policy of insurance based in part on the current claim being reserved at $350,000.00, despite paying nothing.

## FOURTH CAUSE OF ACTION
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

44. Plaintiff incorporates paragraphs 1 through 43 of its Complaint as if fully set forth herein.

45. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

46. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

47. FIE has refused to issue payment of benefits without a reasonable basis within the meaning of C.R.S. §10-3-1115.

48. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado District Court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

49. FIE continues to maintain that it is investigating the loss despite providing no basis for said investigation following Claimjumper providing the hail report and video footage of the storm.

50. Furthermore, FIE prepared a report and sent correspondence outlining the covered portion of the claim from its opinion, but has refused to issue a single payment.

51.     FIE, while agreeing to proceed with appraisal, has placed restrictions upon the appraisers' ability to resolve the claim such that it is further delaying the process and has forced Claimjumper to file suit to recover benefits.

52.     Because FIE's actions, as described above, violate C.R.S. §10-3-1115, Plaintiff brings this claim to recover its reasonable attorneys' fees and court costs, and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff, Claimjumper Condominium Association, Inc., respectfully requests that judgment be entered in its favor and against Farmers Insurance Exchange as follows:

a. That the appraisal panel has the authority to determine the cause of loss for any element of damage arising out of the hail storm on July 20, 2016;

b. Compelling FIE to participate in said appraisal without further interference.

c. For compensatory damages, both economic and non-economic, in amounts to be proven at trial;

d. For double damages pursuant to statute;

e. For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;

f. For reasonable attorneys' fees and costs of suit herein; and

g. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 3rd day of April, 2017.

                                           *s/ Christopher M. Drake*
                                           Christopher M. Drake
                                           Erik G. Fischer, P.C.
                                           125 South Howes, Suite 900
                                           Fort Collins, CO 80521
                                           Telephone: (970) 482-4710
                                           Facsimile: (970) 482-4729
                                           E-Mail: chris@fischerlawgroup.com
                                           *Attorney for Plaintiff*